**Charles N. BEEBE, Defendant below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 16, 1975.

Decided Oct. 8, 1975.

Arlen B. Mekler, Asst. Public Defender, Wilmington, for defendant below, appellant.

John O'Brien, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

DUFFY, Justice:

Defendant was convicted in the Superior Court of kidnapping, assault, battery and assault with intent to commit rape. He appeals on the ground that the State violated its statutory duty to try him within the time period required by the Uniform Agreement on Detainers (UAD). 11 Del. C. § 2542.

## I.

Defendant was indicted on October 11, 1973 while he was incarcerated in Maryland. Delaware lodged a detainer with the Maryland authorities. On February 11, 1974 defendant addressed a letter to the "Clerk of Circuit Courthouse"[1] in which he gave "notification to the Court for a fast and speedy trial, on charge, or charges, that have been placed against me in that County." The letter was received by the Clerk of the Superior Court and on February 14 a Judge of that Court sent copies to the State Prosecutor and the Public Defender. On March 20 the State requested temporary custody of defendant from Maryland officials who, on April 18, advised that defendant had elected to request trial under the UAD.

Defendant was returned to Delaware about July 15 and arraigned on July 25. The next day Deputy Attorney General, referring specifically to the UAD requirement that trial be held within 180 days of defendant's request, wrote to the Public Defender suggesting August 14 as a trial date. The Public Defender did not respond to the letter. On August 13, after the jury panel had been dismissed for the day, the Public Defender informed the Court and the Attorney General that defendant contended that the time within which he could be tried had expired. He then moved for dismissal of the indictment which was denied by the Court. He was convicted on October 23 on all charges and sentenced on January 17, 1975. The Superior Court's denial of the motion to dismiss, by opinion dated August 21, 1974, is the subject of this appeal.

## II.

We first consider the Uniform Agreement on Detainers, the pertinent part of which, 11 *Del.C.* § 2542, provides:

"(a) Whenever a person has entered upon a term of imprisonment in a penal . . . institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment . . . on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, . . . provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole, eligibility of the prisoner, and any decisions of the State parole agency relating to the prisoner.

(b) The written notice and request for final disposition referred to in paragraph (a) of this section shall be given or sent by the prisoner to the . . . official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting

---

1. There is no such official or place in Delaware.

official and court by registered or certified mail, . . . ."

In brief, the statute requires that a prisoner be brought to trial within 180 days after he has made a request in accordance with the provisions thereof.

■ It is undisputed that defendant was not tried within 180 days of his first communication, that is, the letter of February 11. That letter, addressed as it was to the "Clerk of Circuit Courthouse" plainly did not comply with UAD paragraph (b) which directs that a request for final disposition of charges be sent by a prisoner to the official having custody of him. But it is also undisputed that defendant was tried within the statutory period after he formally complied with the Act.[2]

In *Pittman v. State*, Del.Supr., 301 A.2d 509 (1973), this Court held that strict compliance with the UAD may not be required in a proper factual setting if it appears that a prisoner has taken diligent and reasonable efforts to invoke the time requirements, but is prevented from full compliance because of the failure of public officials. There is, however, as the Superior Court determined, a significant factor which distinguishes this case from *Pittman*.

There is nothing in the record to show any failure by public officials to comply with the Act prior to April 9, the date on which defendant executed the request for final disposition of the charges. Thus, any failure to comply prior to that date is charged to defendant, not to the officials. And on this point defendant testified that before he sent the letter of February 11 he conferred with a public defender in Maryland but, apparently, elected to proceed on his own without counsel.

■ As *Pittman* holds, under certain circumstances the formalities of the Act may not be controlling but they serve a purpose and both the State and a requesting prisoner are expected to comply with them. This is so because processing through channels of a request for final disposition is essential to a reasonable administration of the law. Thus the official having custody is obliged to send with the request the pertinent data as to the term of commitment, the time remaining to be served, decisions of the parole agency relating to the prisoner, and so on. Such information may be of value to the State which lodged the detainer in determining whether or not it still wants the prisoner returned for prosecution. It is one thing for an official having custody to refuse to process a request and thus leave the prisoner to communicate as best he can with the State which has lodged a detainer for him. That was *Pittman*. It is quite a different matter, however, when a prisoner simply ignores the official having custody of him and attempts to communicate directly with the requesting State. That is this case and the difference from *Pittman* is significant and determinative.

■ As this Court stated in *Pittman* there is "only one burden on the prisoner, that is, to ask the prison official who has custody over him to prepare and send the forms to the jurisdiction from which a detainer is lodged against him." Defendant did not do that until April 9, 1974 and his rights under the UAD did not begin to run until that date.

### III.

Finally, defendant argues that his constitutional rights to a speedy trial were violated. We find no merit in this argument.

---

2. That period is 180 days but for "good cause shown in open court . . . any necessary or reasonable continuance" may be ordered § 2542(a). Defendant formally complied with the Act on April 9, 1974 and trial did not begin until October 23, more than 180 days later. Defendant does not challenge any of the delay in that period, apparently because in part it resulted from his motion for a psychological examination and for at least one continuance.

Defendant concedes that some sort of affirmative action on his part was necessary to invoke his Federal and State rights to such a trial. Assuming that his letter of February 11, 1974 served that purpose, the State's request for custody, made to Maryland officials under date of March 20, less than six weeks later, was the first step in a timely effort by the State to comply with its responsibility. The right to a speedy trial is necessarily relative and depends on circumstances. *Cunningham v. State*, Del.Supr., 188 A.2d 359 (1962). The time periods here involved, while compliance with the UAD was completed and defendant was returned to Delaware and the case processed to trial, were not unreasonable under the circumstances. In short, there was no delay which was presumptively prejudicial so, under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), there is no necessity for inquiry into other factors which go into the balancing test.

\* \* \*

Affirmed.