Roger Thomas RHODES, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

July 31, 1981.

Discretionary Review Denied
Nov. 17, 1981.

Frank W. Heft, Jr., Jefferson Dist. Public
Defender, Louisville, for appellant; Daniel
T. Goyette, Louisville, of counsel.

Steven Beshear, Atty. Gen., Frankfort,
for appellee.

Eileen Walsh, Asst. Atty. Gen.

Before GANT, GUDGEL and VANCE,
JJ.

GANT, Judge.

Appellant appeals his conviction in Jefferson County of five counts of receiving stolen property, resulting in a total sentence of five years' imprisonment. The sole ground urged for reversal is that the lower court failed to sustain a motion to dismiss the indictment, this motion being predicated on the 180-day trial requirement provided in KRS 440.450, the Interstate Agreement on Detainers (IAD).

Appellant, at the hearing on the motion to dismiss, testified that he had a conversation with a Mr. Whiteman, an officer at the penitentiary where he was confined, in Pendleton County, Indiana, at which he requested disposition of the detainer filed against him. There are two basic difficulties with this testimony. First, it is admittedly uncorroborated and, second, the detainer was not filed until three days after this alleged conversation on March 20, 1979, and appellant was not notified of the detainer until March 27, 1979.

On April 6, 1979, appellant, pro se, sent a request for disposition of the indictment to the *Jefferson County, Frankfort*, Kentucky. There is nothing in the record to show that this was ever received by the Jefferson *Circuit* Court, *Louisville*, Kentucky.

On May 23, the record discloses that the appellant sent a request to Whiteman, stating: "I would like to no [sic] if all my papers has [sic] been signed so that Kentucky can come and get me. I also need to no [sic] my out day from here." Noted on this request, apparently by Whiteman, is "Interviewed this date and told him he would discharge 2–14–80." This interview, according to the note thereon, occurred on July 5, 1979.

On June 14, 1979, again acting pro se, appellant mailed "Motion for Early Trial," which was received by the Jefferson Circuit Court on June 18, and filed in this record. It should be noted here that in this pro se motion appellant stated that the motion was based on "*Smith v. Hooey*, 89 S.Ct. 575." That case was not one pertaining to the Interstate Agreement on Detainers, but referred only to the right of a prompt trial.

In July, 1979, the Commonwealth accepted temporary custody, brought appellant back to Louisville in August, where he was arraigned, and a trial date was set for the earliest available date, viz., December 19, 1979. It should be noted that no objection was made, at that time, to the trial date. Immediately prior to trial date, appellant moved to dismiss the indictment for failure to bring him to trial within 180 days as provided by the IAD (KRS 440.450). This motion was denied.

Appellant relies principally on *Lovitt v. Commonwealth*, Ky., 592 S.W.2d 133 (1980), which case adopted the rationale of *Pittman v. State*, Del.Supr., 301 A.2d 509 (1973). The latter case provided that, once the prisoner notifies the prison official where he is being held that he desires to proceed under the IAD, the burden falls on the custodial officer to prepare and send the necessary forms forthwith. However, it is the opinion of this Court that the facts of this case fall far short of the notice required of the prisoner, under the applicable provisions of the statute and the language of *Pittman*. The only conceivable instances where a request could have been made were on March 20 and July 5, but there is simply no corroboration of appellant's self-serving testimony. There is no writing by appellant which indicates that he invoked the provisions of the IAD or asked anyone to do so on his behalf. We do not suggest that a written request is mandatory, but to permit an unsubstantiated statement to start the process of the Interstate Agreement on Detainers would invite a mass opening of the prison doors within 180 days of lodging a detainer. The lower court did not consider the evidence adequate and we cannot find that he abused his discretion.

Our view of this case is adequately expressed in the subsequent and modifying opinion of the Delaware Supreme Court, authors of the *Pittman* decision, in *Beebe v. State*, Del.Supr., 346 A.2d 169 (1975). In that case, as in this, the appellant proceeded pro se in direct communication with the requesting state. The court stated in *Beebe*, at page 171:

In *Pittman v. State*, Del.Supr., 301 A.2d 509 (1973), this court held that strict compliance with the UAD [IAD] may not be required in a proper factual setting if it appears that a prisoner has taken diligent and reasonable efforts to invoke the time requirements, but is prevented from full compliance because of the failure of public officials. There is, however, as the Superior Court determined, a significant factor which distinguishes this case from *Pittman* ... It is one thing for an official having custody to refuse to process a request and thus leave the prisoner to communicate as best he can with the State which has lodged a detainer for him. That was *Pittman*. It is quite a different matter, however, when a prisoner simply ignores the official having custody of him and attempts to communicate directly with the requesting State. That is this case and the difference from *Pittman* is significant and determinative.

*See also State v. Grizzell*, Tenn.Cr.App., 584 S.W.2d 678 (1979); *People v. Dailey*, 46 Ill.App.3d 195, 4 Ill.Dec. 756, 360 N.E.2d 1131 (1977); *Isaacs v. State*, 31 Md.App. 604, 358 A.2d 273 (1976); *Ekis v. Darr*, 217 Kan. 817, 539 P.2d 16 (1975).

Appellant herein, having failed to prove that he made a request, or that once the request was made the official refused to process this request, has failed to invoke the provisions of the Interstate Agreement on Detainers (KRS 440.450) and has failed to comply with Article III thereof and it is apparent that he elected to communicate directly with the requesting state. The motion to dismiss the indictment based on the 180-day trial period of the Act was properly overruled.

The judgment is affirmed.

All concur.