STATE OF HAWAII, Plaintiff-Appellee, *v.* TERENCE BURKE CARROLL, JR., also known as John Fritz and Terence John Fritz, Defendant-Appellant, and HENRY VILLITA, Defendant

NO. 8801

(CRIMINAL NO. 52249)

OCTOBER 28, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant Terence Burke Carroll, Jr. (Carroll) appeals his conviction. We reverse and remand. The two issues and our answers are:

I. Did the lower court commit reversible error when it convicted Carroll of two counts of robbery of a jewelry store because the husband and wife who owned and operated it were both present during the offense? Yes. He can be convicted of only one count.

II. Did the lower court commit reversible error when it denied Carroll's motion to dismiss the indictment for the State's failure to timely commence Carroll's trial under Article III of Hawaii's Agreement on Detainers (Agreement), Hawaii Revised Statutes (HRS) § 834-1 (1976)? If Carroll filed a request for final disposition with the official having custody of him, the answer is yes even if the state and Hawaii's court were not notified of such request. Here, the lower court did not make the necessary finding as to whether Carroll filed such a request with such an official.

We find no merit in the other two points raised in Carroll's appeal.

On December 14, 1978, Carroll was indicted on two counts of robbery in the first degree under HRS § 708-840(1)(b)(ii) (1976). He could not be found in Hawaii. He subsequently was arrested on a passport violation to which he pled guilty and was imprisoned in New York.

In February 1981, while imprisoned in New York, Carroll received a Bureau of Prisons form Agreement on Detainers Notice of Untried Indictment, Information or Complaint and of Right to Request Disposition informing him of Hawaii's indictment of him and of his right to request a speedy disposition of the charges. The record does not clearly indicate whether Carroll filed such a request with the official who had custody over him.

Upon his extradition, Carroll was brought to Hawaii on August 6, 1981.

On October 6, 1981, Carroll moved to dismiss the two robbery counts on the ground, *inter alia,* that the speedy trial requirement of the Interstate Agreement on Detainers Act,

Public Law 91-538, 84 Stat. 1397; N.Y. CPL 580.20; HRS chapter 834 (1976) had been violated. The lower court denied the motion on the ground that Carroll's request for final disposition had not been filed with it, the court of the prosecutor's jurisdiction. Thereafter, the jury convicted Carroll on both counts and he was sentenced to a prison term of 20 years on each count and a mandatory minimum of 10 years on each count.

I.

The State properly concedes that since Carroll robbed only one jewelry store he can be convicted and sentenced for only one robbery count no matter how many of the store's owners were present during the robbery. *See State v. Faatea,* 65 Haw. 156, 648 P.2d 197 (1982).

II.

Article III of the Agreement states in relevant part:

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint[.]

\* \* \*

(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the superintendent, administrator of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the

appropriate prosecuting official and court by registered or certified mail, return receipt requested.

\* \* \*

The cases hold, and we agree, that to comply with Article III a charged prisoner's only responsibility is to file a request for final disposition with the official having custody of him. It is the custodial official's responsibility to prepare the forms that are required by the Agreement and to send them to the appropriate authorities in the state in which the charges are pending. *McCallum v. State,* 407 S.2d 865 (Ala. Crim. App. 1981); *People v. Wilson,* 69 Cal. App. 3d 631, 138 Cal. Rptr. 259 (1977); *People v. Daily,* 46 Ill. App. 3d 195, 360 N.E.2d 1131 (1977); *Beebe v. State,* 346 A.2d 169 (Del. 1975). *See* Annot. 98 A.L.R.3d 160 (1980). However, it is the charged prisoner's burden to prove that he filed such a request with such an official. *McCallum, supra.*

In the case at bar, the lower court erroneously believed that the question of whether Carroll filed such a request with such an official was not dispositive. Thus, contrary to Rule 12(e) of the Hawaii Rules of Penal Procedure, the lower court failed to make that necessary finding of fact.

Since the lower court's denial of Carroll's motion to dismiss was based on a misinterpretation of the applicable law and on nondispositive facts, we reverse and remand for a redetermination of the motion. If the motion is denied, one count shall be dismissed, Carroll shall be resentenced, and a new judgment of conviction shall be entered on the remaining count of robbery.

Reversed and remanded for further proceedings consistent herewith.

*Clayton C. Ikei (Harry Holifield* with him on the briefs) for defendant-appellant.

*Thomas Pico,* Deputy Prosecuting Attorney, *(Shirley Smith,* Deputy Prosecuting Attorney, on the briefs) for plaintiff-appellee.