**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roger Carl MOLINE,
Defendant–Appellant.**

No. 87–5030.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 15, 1987 [*].

Decided Nov. 27, 1987.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Brian Q. Robbins, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Janet Hudson, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before KILKENNY, SNEED and O'SCANNLAIN, Circuit Judges.

SNEED, Circuit Judge:

Appellant Moline seeks to overturn his conviction on the charge of escape from federal custody in violation of 18 U.S.C. § 751 on the ground that he was not brought to trial within 180 days following his execution of such right pursuant to the Interstate Agreement on Detainers Act, 18 U.S.C. App. III. We affirm.

Moline escaped from federal prison on January 29, 1985. He remained at large until he was arrested by California officials on July 16, 1985 on state charges of conspiracy and grand theft. Two days later the U.S. Marshal's Office in Lompoc issued a detainer against Moline based on the arrest warrant issued after his escape. On November 1, 1985, Moline was sentenced on state charges to three years in state prison.

Moline was indicted on the federal charge of escape on August 23, 1985. In due course a trial on this charge was set in federal court on May 27, 1986, a date not within the required 180 days. Moline moved to dismiss the escape indictment on the speedy trial ground set out above. At the hearing on the motion, the district court denied the motion on the ground that Moline had not met his burden of proving that a proper request for a speedy trial had been made as required by 18 U.S.C. App. III, § 2, Art. III(a), (b). Moline was sentenced to one year on the escape charge to

be served consecutively to the sentence being served at the time of the escape.

Moline on appeal asserts that the district court erred with respect to the speedy trial issue. This ground was properly preserved below and is before us on appeal.

█ A prisoner in the position Moline occupied following his arrest by state authorities may request final disposition of the federal charge by giving written notice of such request to the official having custody of him. Moline alleged that he gave such notice on three occasions: once in July, 1985, once in August, 1985, and once in February, 1986. Neither the state's jailor nor the U.S. Marshal's, nor the U.S. Attorney's Office has any record of having received such a notice. Moline also alleges that he inquired about his alleged notices on several occasions.

█ The district court did not make specific findings of fact, but it clearly did not believe Moline's story. This court will uphold a decision without specific findings of fact if there is a reasonable view of the evidence to support it. *United States v. Most*, 789 F.2d 1411, 1417 (9th Cir.1986). Moline bore the burden of establishing that the required notice was given. *See Haywood v. State*, 501 So.2d 515, 518 (Ala. Crim.App.1986); *State v. Carroll*, 4 Haw. App. 573, 670 P.2d 1290, 1292–93 (1983); *Williams v. Maryland*, 445 F.Supp. 1216, 1220 (D.Md.1978). He failed to carry his burden. This case does not involve merely a failure to comply strictly with all the rules of the Interstate Detainer Act. *Cf. People v. Daily*, 46 Ill.App.3d 195, 4 Ill. Dec. 756, 762, 360 N.E.2d 1131, 1137 (1977). It involves a complete failure to comply with an essential requirement of the Act. Although *Johnson v. Stagner*, 781 F.2d 758 (9th Cir.1986), touches upon the subject, neither it, nor any other Ninth Circuit case, decides the issue whether the prisoner bears the burden of proof concerning the propriety of the steps taken to start the running of the 180–day clock.

AFFIRMED.