John Bradley ELLIS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 91–SC–433–MR.

Supreme Court of Kentucky.

Feb. 13, 1992.

As Amended March 4, 1992.

Frank W. Heft, Jr., Chief Appellate Defender of the Jefferson Dist. Public Defender, Daniel T. Goyette, Jefferson Dist. Public Defender, Louisville, Ky., for appellant.

Chris Gorman, Atty. Gen., Dina Abby Jones, Asst. Atty. Gen., Cr. Appellate Div., Frankfort, Ky., for appellee.

WINTERSHEIMER, Justice.

This is a direct appeal pursuant to RCr 8.09. Ellis pleaded guilty to kidnapping, first-degree robbery, first-degree burglary, two counts of first-degree rape and five counts of first-degree sodomy. He was sentenced to concurrent twenty year terms of imprisonment on each count. The sentence was also run concurrently with a forty year Indiana sentence.

Ellis conditioned his guilty plea, pursuant to RCr 8.09, on the issue of whether the indictment should have been dismissed with prejudice because of alleged violations of K.R.S. 440.450, Kentucky's codification of the Interstate Agreement on Detainers.

The sole issue is whether the trial judge committed reversible error by failing to dismiss the indictment with prejudice because of a violation of Article III of the Interstate Agreement on Detainers, K.R.S. 440.450.

Ellis argues that his motion for a speedy trial, filed August 6, 1990, was sufficient to trigger the 180–day time limitation of Article III of the statute. We disagree. Ellis failed to comply with the requirements of the statute and is not entitled to a dismissal of the Kentucky indictment. Under the circumstances of this case, his actions were not adequate to comply with the statute.

> To invoke the Article III terms ... a defendant has to request to be tried in accordance with the I.A.D.
> *Browning v. Foltz*, 837 F.2d 276 (6th Cir.1988).

Ellis' motion for a speedy trial makes no reference to the I.A.D. or the 180–day time limitation. He cites only the Sixth Amendment of the Federal Constitution, the Indiana Constitution and the Indiana Rules of Criminal Procedure. The motion cannot be considered as a request for disposition under K.R.S. 440.450.

Ellis also failed to comply with Article III which specifically requires that a request for disposition be accompanied by a certificate from the appropriate official having custody of the prisoner detailing specific information about the prison term in the sending state. His motion has no

such certification. Ellis chose to communicate directly with Kentucky, the receiving state, rather than sending his request through officials in Indiana, the sending state.

*Rhodes v. Commonwealth*, Ky.App., 622 S.W.2d 677 (1981), held that no relief could be granted where an appellant had failed to invoke the provisions of the I.A.D. by circumventing the proper authorities in the sending state. *Rhodes, supra*, held that it is quite a different matter when a prisoner simply ignores the official having custody of him and attempts to communicate directly with the requesting state. *Id.* at p. 678, quoting *Beebe v. State*, 346 A.2d 169, 171 (Del.1975). *Rhodes* also observes that strict compliance with the I.A.D. may not always be required where a prisoner has diligently attempted to invoke the time limitation but is thwarted by public officials. That is not the case in this situation. *Cf. Pittman v. State*, 301 A.2d 509 (Del.1973).

Federal courts have also emphasized the importance of compliance with the procedures of Article III, including the requirement of certification by prison officials in the sending state. *United States v. Espinoza*, 841 F.2d 326 (9th Cir.1988) held that the petitioner who failed to channel his request through prison officials did not begin the running of the 180-day period. *United States v. Henson*, 945 F.2d 430 (1st Cir.1991) held that failure to provide proper certification was fatal to the I.A.D. claim.

*United States v. Moline*, 833 F.2d 190 (9th Cir.1987), held that failure to give notice to the official having custody involved a complete failure to comply with an essential element of the act.

*Casper v. Ryan*, 822 F.2d 1283 (3rd Cir. 1987), held that a letter to the prosecuting attorney's office in the receiving state was not an adequate substitute for the required certificate because it did not contain substantially all the information which Article III requires.

Ellis' reliance on *Lovitt v. Commonwealth*, Ky., 592 S.W.2d 133 (1980), is distinguishable because in that case the court noted that the appellant did all that the statute required of him to secure a prompt trial as defined in the statute. Here, Ellis did not comply with the statute.

The motion of August 10, 1990 was not adequate to engage the time limitations of K.R.S. 440.450. The earliest date that the statute was invoked was September 14, 1990, and the trial date of February 27, 1987 was 168 days after the I.A.D. was triggered. It was well within the time limitations of the statute.

The judgment of conviction is affirmed.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS, and SPAIN, JJ., concur.

COMBS, J., dissents because it is apparent to him that Ellis' motion triggered the statutory period, and that the trial court erred in not dismissing the indictment. The opinion adopts an illiberal construction of Article III and tends to defeat its purpose.