978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lyle Franklin HERVEY, Petitioner-Appellant,
v.
J.L. SIVLEY; Patricia Branoman, Attorney General of the
State of California, Respondents-Appellees.
 No. 91-16814.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
 Decided Nov. 9, 1992.
 
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant challenges the district court's denial of his habeas petition and claims that a violation of the Interstate Agreement on Detainers Act requires that the charges pending against him in California be dismissed. We affirm the district court.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 The appellant was arrested in April of 1989 and held in the Metropolitan Detention Center (MDC) in Los Angeles. On July 5, 1989, while the appellant was still in custody in Los Angeles, the extradition secretary with the San Bernadino County District Attorney's Office, Diane Miller, received a preprinted form letter from the appellant demanding a speedy trial. She waited for the proper forms from the prison, but none arrived. On August 8, 1989, she sent a "Prosecutor's Acceptance of Temporary Custody Offered in Connection with a Prisoner's Request for Disposition of a Detainer" form, signed by the district attorney, to MDC. She received no reply, and the county never took the appellant into physical custody.
 
 
 4
 In November of 1989, the appellant was transferred to the Federal Correctional Institution in Safford, Arizona (FCI). On February 27, 1990, the appellant mailed a motion to dismiss the charges pending against him in California based on the district attorney's failure to bring him to trial under the Interstate Agreement on Detainers Act (IADA). He mailed this motion to the San Bernadino County District Attorney, the Clerk of the Superior Court of California for San Bernadino County, and personally delivered a copy to FCI. Miller called FCI on March 9, 1990, and informed them that the appellant would have to send the correct forms to invoke the speedy trial provision of the IADA. The proper forms were never received.
 
 
 5
 In a Detainer Action Letter addressed to the San Bernadino County Sheriff's Department dated August 6, 1990, Patricia Branaman, the Inmate Systems Manager at FCI, stated that a detainer had been filed in their favor for the offenses pending there and the appellant's tentative release date was February of 1992. On the next day, Branaman notified the appellant of the detainer from California and gave him a "Notice of Untried Indictment, Information or Complaint, and Right to Request Disposition" form. This document informed the appellant of the pending charges and his rights under the IADA. Branaman also provided the appellant with a partially completed "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints" form. Branaman advised the appellant to take the documents to his case manager to complete the processing, and that once they were complete, she would send them to the California authorities. Branaman never received the completed forms.
 
 
 6
 The San Bernadino District Attorney's Office sent a request for temporary custody of the appellant to FCI on April 29, 1991. On May 16, 1991, FCI sent an offer to deliver temporary custody of the appellant and a certificate of inmate status to the San Bernadino Municipal Court.
 
 
 7
 Appellant filed his petition for writ of habeas corpus on May 29, 1991, alleging denial of due process, denial of equal protection, conspiracy to violate his civil rights, and conspiracy to violate his due process rights, all based on alleged violations of the IADA.
 
 
 8
 The district court denied the habeas petition on October 9, 1991, finding that the appellant had failed to prove he filed the proper forms in requesting a speedy trial under the IADA. Appellant timely filed his notice of appeal, and secured a certificate of probable cause and an order allowing him to proceed in Forma Pauperis from a district court.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 9
 This court has jurisdiction to review this case under 28 U.S.C. § 2253 and 28 U.S.C. § 1291. A petition for habeas relief based on an alleged violation of the IADA is reviewed de novo. Snyder v. Sumner, 960 F.2d 1448, 1452 (9th Cir.1992). The court reviews findings of fact under the clearly erroneous standard. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). If exhaustion of administrative remedies is not statutorily prescribed, the decision of the district court is reviewed for abuse of discretion. Girard v. Klopfenstein, 930 F.2d 738, 740 (9th Cir.), cert. denied, 112 S.Ct. 173 (1991).
 
 III.
 DISCUSSION
 A. Issues Presented on Appeal
 
 10
 The appellant is claiming several constitutional and civil rights violations that turn on whether the IADA was violated. The issue under the IADA is whether the appellant triggered either the 180-day or 120-day time limit that would stop any prosecution now. Appellees argue that the habeas petition should also be affirmed on the ground the district court lacked jurisdiction to hear the case.
 
 B. IADA
 
 11
 Two Articles of the IADA are in issue here. Article III contains a 180-day limitations period, while Article IV contains a 120-day period. Appellant is apparently contending that the district attorney's letter accepting temporary custody in August of 1989 or his motion to dismiss in February of 1990 started the clock. The prisoner bears the burden of establishing that the required notice under the IADA was given. See, e.g., United States v. Moline, 833 F.2d 190, 192 (9th Cir.1987), cert. denied, 485 U.S. 938 (1988).
 
 1. Article III of the IADA
 
 12
 Subsection (a) of Article III of the IADA requires the prisoner to be brought to trial within 180 days after "he shall have caused to be delivered to the prosecuting officer and the appropriate court ... written notice of the place of his imprisonment and his request for a final disposition.... The request of the prisoner shall be accompanied by a certificate [of the prisoner's status]."
 
 
 13
 This circuit rejected a prisoner's claim that his substantial compliance with the requirements of the IADA would start the 180-day clock in Johnson v. Stagner, 781 F.2d 758 (9th Cir.1986). In that case, the prisoner claimed that his filing of a habeas petition and requesting the prison to "do their part" should have been enough. Id. at 761. The prisoner had given notice only to the court, not the prosecutor, had not channeled his request through the prison officials, and never delivered a certificate of his prison status. The court reasoned that the formal requirements must be met before the speedy trial provisions came into play. Id.
 
 
 14
 In this case, the district court found that the appellant had failed to prove he complied with the IADA, and we agree. The appellant never sent the proper forms to the prosecutor or the court. The appellant's request for a speedy trial was only sent to the prosecutor, not the appropriate court. No certificate of prisoner status was ever sent.
 
 
 15
 The motion to dismiss merely demanded that the charges be dropped; it did not request a speedy trial. The motion was also not accompanied by the required certificate of prisoner status. The appellant did not comply with the requirements of the IADA.
 
 2. Article IV of the IADA
 
 16
 Article IV, subsection (c) states that in any proceeding under the IADA, the trial must commence within 120 days of the "arrival" of the prisoner in the receiving state. Apparently the appellant is contending that the "Acceptance of Temporary Custody" letter by the district attorney in August of 1989 constituted arrival in the receiving state.
 
 
 17
 The word arrival connotes a physical transfer of the prisoner from one location to another. The appellant was never taken into physical custody. Nothing that transpired between the MDC and the San Bernadino County could be viewed as triggering the 120-day clock.
 
 
 18
 Subsection (b) of Article IV requires the custodians to furnish the person accepting temporary custody with a certificate of the prisoner's status. No paper work was ever received from MDC. Appellant has offered no explanation for this inadequacy or alleged that he asked the officials at MDC to send the proper forms.
 
 C. Exhaustion of Administrative Remedies
 
 19
 The appellees argue that the district court should also be affirmed on the ground that the appellant failed to exhaust his administrative remedies. Since we affirm the district court's denial of the habeas petition on the above grounds, we need not reach this issue.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3