15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Hugh Mack VICKERS, Defendant-Appellant.
 No. 91-30444.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 20, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hugh Mack Vickers appeals his conviction following a guilty plea to conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1), 846.
 
 
 3
 Counsel for Vickers filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identifies three issues for review: (1) whether the district court erred by denying Vickers' motion to dismiss for violation of the Speedy Trial Act, 18 U.S.C. Sec. 3161 et seq. (STA); (2) whether the district court erred by denying his motion to withdraw his guilty plea; and (3) whether Vickers received ineffective assistance of counsel because trial counsel failed timely to assert Vickers' speedy trial claims. Vickers filed a pro se brief on appeal supplementing the speedy trial and ineffective assistance of counsel claims asserted in the Anders brief. We have jurisdiction under 28 U.S.C. Sec. 1291, and we grant counsel's request to withdraw and affirm the conviction.
 
 
 4
 * Speedy Trial
 
 
 5
 Vickers contends the district court erred by denying his motion to dismiss for failure to bring him to trial within the 70-day period specified in the STA. See 18 U.S.C. Sec. 3161(c)(1). This argument is without merit.
 
 
 6
 The district court's factual findings concerning the STA are reviewed for clear error, and questions concerning application of the law are reviewed de novo. United States v. Nash, 946 F.2d 679, 680 (9th Cir.1991). We review de novo a district court's interpretation of the STA. United States v. Sears, Roebuck, & Co., 877 F.2d 734, 737 (9th Cir.1989).
 
 
 7
 A guilty plea waives the right to assert a violation of the STA because it is a non-jurisdictional claim. United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992).
 
 
 8
 Here, Vickers pleaded guilty on June 14, 1991. Vickers filed his motion to dismiss for violation of the STA on November 13, 1991. The record reveals Vickers first mentioned the speedy trial claim on September 9, 1991, almost three months after he had pleaded guilty and waived any violations of the STA. See Bohn, 956 F.2d at 209.
 
 
 9
 Vickers argues he did not waive his right to assert his speedy trial rights because he entered a conditional plea of guilty pursuant to Fed.R.Crim.P. 11(a)(2) reserving the right to appeal a violation of the STA.
 
 
 10
 Rule 11 permits a defendant to plead guilty while reserving the right to appeal a specific pretrial motion. Fed.R.Crim.P. 11(a)(2). We strictly construe Rule 11(a)(2), which requires that conditional pleas be in writing and be approved by both the government and the district court. United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992).
 
 
 11
 Here, Vickers' guilty plea neither reserved in writing the right to appeal a speedy trial violation nor did the government or the district court approve such a plea. The plea petition specifically stated Vickers understood he had the right to a speedy trial and that he waived it by pleading guilty. Not only did the district court scrupulously adhere to the requirements of Fed.R.Crim.P. 11, but the record also discloses Vickers failed to raise any speedy trial concerns until well after he pleaded guilty. Thus, we reject Vickers' claim he entered a conditional guilty plea which reserved the right to appeal a speedy trial violation. See id.[1]
 
 
 12
 Because Vickers waived his right to assert a violation of the STA when he pleaded guilty on June 14, 1991, we hold the trial court did not err when it denied Vickers' motion to dismiss for violation of the STA. See Bohn, 956 F.2d at 209.[2]
 
 II
 Guilty Plea
 
 13
 Vickers asserts that the trial court erred by denying his motion to withdraw his plea because he never would have pleaded guilty had he known he might receive a 235-month sentence. This argument lacks merit.
 
 
 14
 This court reviews for abuse of discretion a district court's determination whether to grant a motion for withdrawal of a guilty plea. United States v. Oliveros-Orosco, 942 F.2d 644, 645-46 (9th Cir.1991). We review de novo whether a guilty plea was involuntary. United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1990).
 
 
 15
 A defendant does not have a right to withdraw his or her plea before sentencing and must show a fair and just reason supports the motion. United States v. Turner, 898 F.2d 705, 713 (9th Cir.), cert. denied, 495 U.S. 962 (1990) (no abuse of discretion to deny motion when defendant claims that he is being blamed for things he did not do and motion follows acquittal of co-defendant). When a defendant fails to challenge the adequacy of the Fed.R.Crim.P. 11 hearing, to cite to new evidence, or to allege any reason that did not exist at the time of the plea, it is not an abuse of discretion to deny the motion. Id. The district court is entitled to believe the defendant's plea testimony and to disbelieve the defendant's allegations made in support of the motion to withdraw the plea. United States v. Hoyos, 892 F.2d 1387, 1400 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990).
 
 
 16
 Here, Vickers alleges trial counsel promised him he would receive a 151-month sentence and he would not have pleaded guilty if he had known the district court might impose a greater sentence. Vickers' testimony at the plea hearing, however, belies this statement. Vickers said he understood that trial counsel could merely predict a sentence and that the district court could impose the maximum sentence. Vickers also testified his plea had not been induced by any promises. Moreover, trial counsel denied promising Vickers a 151-month sentence.
 
 
 17
 Based upon Vickers' testimony at the plea hearing, we hold the district court did not abuse its discretion when it denied the motion to withdraw the plea relying on Vickers' plea testimony. See Turner, 898 F.2d at 713; see also Hoyos, 892 F.2d at 1400.
 
 III
 Ineffective Assistance of Counsel
 
 18
 Vickers asserts he was denied effective assistance of counsel because trial counsel failed to apprise him that requesting extensions of time impacted his right to a speedy trial and that this failure constituted ineffective assistance of counsel. Vickers also contends his guilty plea was involuntary because it resulted from inadequate representation of counsel, i.e., Vickers would not have pleaded guilty if trial counsel had informed him about his speedy trial rights. Vickers asserts, too, that trial counsel's representations regarding his possible sentencing range constituted ineffective assistance of counsel.
 
 
 19
 Generally, we decline to review claims of ineffective assistance of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed in the record on direct appeal. United States v. Bosch, 951 F.2d 1546, 1549 (9th Cir.1991), cert. denied, 112 S.Ct. 2975 (1992). Such is the case here with regard to the allegations of ineffective assistance of counsel. Trial counsel has had no opportunity to answer Vickers' assertions (1) he did not explain Vickers' right to a speedy trial and obtain Vickers' consent prior to continuing the trial dates and (2) he advised Vickers to plead guilty despite violations of the STA.
 
 
 20
 Moreover, because the district court ultimately imposed a 151-month sentence, within the range predicted by trial counsel, we decline to review Vickers' ineffective assistance claim based on counsel's alleged sentencing advisements.
 
 
 21
 Counsel's motion to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the record contains no ambiguity with regard to Vickers' intention to plead guilty, we also reject his claim that his guilty plea was involuntary. See Cortez, 973 F.2d at 766; see also United States v. Carrasco, 786 F.2d 1452, 1455 (9th Cir.1986)
 
 
 [2]
 We will uphold the district court's result if there is any reasonable view to support it, even if it did not make specific finding of fact or conclusions of law. United States v. Moline, 833 F.2d 190, 192 (9th Cir.1987), cert. denied, 485 U.S. 938 (1988). Because Vickers' waived his speedy trial rights when he pleaded guilty, we affirm the district court's denial of the motion despite its failure to specify the basis for that denial