**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antonio LUGO–MORON, Defendant–Appellant.**

No. 01–50108.

D.C. No. CR 00–0630 CBM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided Dec. 26, 2001.

**668**

Before PREGERSON, TASHIMA, and BERZON, Circuit Judges.

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. The statute makes it a federal crime to "threaten[ ] to assault, kidnap, or murder ... a Federal law enforcement officer ... with

MEMORANDUM \*

Defendant–Appellant Antonio Lugo–Moron (Lugo) was being escorted by air from Hawaii to Los Angeles by the Immigration and Naturalization Service (INS), when he had an in-flight altercation with an INS officer. Lugo, who is Spanish-speaking, was convicted of threatening a federal officer in violation of 18 U.S.C. § 115(a)(1)(B). Lugo now appeals, arguing that the requirements of § 115(a)(1)(B) were not met because he never intended to communicate a threat to the INS officer. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lugo contends that the district court erred by determining that his statements to INS Officer David Piche, who does not understand Spanish, constituted a threat under § 115(a)(1)(B).[1] Lugo's premise is that he did not intend his Spanish words to be understood by Officer Piche; by finding nonetheless that he had made a threat, Lugo argues that the district court improperly interpreted § 115(a)(1)(B) as a general intent statute when, in fact, it requires specific intent.

Lugo makes much of the prosecutor's statements in his closing argument which characterized § 115(a)(1)(B) as a general intent crime. On close examination, however, Lugo's formulation of the intent requirement is legally indistinguishable from the government's. Both interpret § 115(a)(1)(B) as requiring that a defendant intend to communicate his threat to his target. This formulation is in accord with the law of this Circuit that "[t]he

intent to impede, intimidate, or interfere with such ... law enforcement officer while engaged in the performance of official duties, or with the intent to retaliate against such ... law enforcement officer on account of the performance of official duties ...." 18 U.S.C. § 115(a)(1)(B).

only intent requirement [under § 115(a)(1)(B) ] is that the defendant intentionally or knowingly communicates his threat, not that he intended or was able to carry out his threat." *United States v. Orozco–Santillan*, 903 F.2d 1262, 1265 n. 3 (9th Cir.1990).

The confusion regarding general versus specific intent seems to have resulted from the fact that the prosecutor, in his closing argument, assumed that specific intent required that the defendant have the intent to commit the underlying act. Lugo suggests that the district court relied on this erroneous formulation of intent, invalidating its ultimate decision to convict. However, although the prosecutor may have mislabeled the appropriate level of intent required under § 115(a)(1)(B), he correctly stated the intent standard under *Orozco–Santillan*. We thus conclude that, to the extent the district court relied on the prosecutor's statement of the intent standard, there was no error.

■ The question, then, becomes whether the district court properly found that Lugo possessed the requisite intent to communicate the death threat at issue to Officer Piche. Lugo contends that the district court erred since he could not have formed an intent to communicate his threat in Spanish to someone who could not understand that language. His argument rests on the assumption that the district court found that his threats· to Officer Piche were only made in Spanish. The district court, however, did not make any specific findings of fact.[2] We therefore may uphold the district court's decision if it is supported by a reasonable view of the record. *See United States v. Twine*, 853 F.2d 676, 681 (9th Cir.1988); *United States v. Moline*, 833 F.2d 190, 192 (9th Cir.1987). Here, both Officer Piche and his partner, Officer Lorraine Masteller, testified that Lugo stated, in English, that either he or his friends would kill Officer Piche. We conclude that this is a sufficient evidentiary basis to support the district court's decision that Lugo, having threatened Officer Piche in English, intended to communicate his threat.

■ The only remaining issue is whether the words communicated by Lugo constituted a true threat. This Court has held that "[w]hether a particular statement may properly be considered a threat is governed by an objective standard-whether a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault." *Orozco–Santillan*, 903 F.2d at 1265. There would seem to be little doubt that a reasonable person in Lugo's position would have foreseen that statements such as "I'm going to kill you," or "I have friends in Hawaii that can kill you," spoken in anger would be interpreted by Officer Piche as serious expressions of intent to harm. We therefore conclude that Lugo's statements amounted to a true threat under § 115(a)(1)(B).

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

2. The parties waived the requirement that the court "find the facts specially," which otherwise would have applied. Fed.R.Crim.P. 23(c).