# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) I.D. No. 1710002665
)
DAVID E. LOGAN, )
)
Defendant. )

Submitted: September 18, 2020
Decided: September 30, 2020

## ORDER DENYING MOTION FOR DISMISSAL

This 30th day of September, 2020, upon consideration of the Motion for Dismissal filed by David E. Logan (the "Motion"), the record in this matter, and the applicable authorities, the Court finds as follows:

1. On January 16, 2018, Defendant David E. Logan was indicted on charges of Robbery First Degree, Conspiracy Second Degree, and Wearing a Disguise During the Commission of a Felony. Logan failed to appear for arraignment on January 26, 2018, and a Rule 9 Warrant therefore was issued. Logan presently is incarcerated in Pennsylvania on other charges, and he will be released some time on or before October 2022. The Delaware Department of Justice (the "DOJ") lodged a detainer with the Pennsylvania State Corrections Institution ("SCI"), and Logan will be transferred to Delaware's custody when he completes

his Pennsylvania sentence or when he files the necessary paperwork to comply with the Uniform Agreement on Detainers (the "UAD").[1]

2. On July 6, 2020, Logan filed the pending Motion seeking dismissal of the charges against him because he contends the State of Delaware has failed to provide him a speedy trial in accordance with the UAD.[2] Under the UAD, a person serving a sentence in another state may request that his custody be transferred to Delaware to resolve charges that are pending in this state. Once such a request is made, the DOJ has 180 days to bring the defendant to trial. But, a defendant is expected to comply with the statute's formalities.[3] Title 11, Section 2542(a) of the Delaware Code provides, in pertinent part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and . . . there is pending in any other party state any untried indictment, . . . on the basis of which a detainer has been lodged against the prisoner, the prisoner shall be brought to trial within 180 days *after the prisoner shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of imprisonment and the request for a final disposition to be made of the indictment . . . . The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole*

---

1 *See* D.I. 8.
2 11 *Del. C.* § 2540, *et seq.*
3 *State v. McDowell*, 824 A.2d 948, 951 (Del. Super. 2003).

*eligibility of the prisoner and any decisions of the state parole agency relating to the prisoner.*[4]

3.      Logan's Motion does not demonstrate that he complied with the statute. He has not filed the necessary request for final disposition accompanied by the requisite certification from SCI. A prisoner's rights under the UAD do not accrue until he "specifically asks the prison official detaining him to send the required forms, registered mail, to the jurisdiction from which a detainer has been lodged."[5] That is, Logan was required to ask SCI to send the necessary forms to this Court and the DOJ. Logan's previous letter to this Court requesting extradition did not trigger his rights under the UAD because that letter did not satisfy Section 2542's terms. This Court has no record of receiving a formal request for final disposition with the required certification. The DOJ confirmed that it similarly has not received a formal request for disposition.[6] Finally, SCI also has not received a request from Logan for the necessary certification.[7] The UAD requires actual delivery in order to trigger the 180-day time period, and the record contains no evidence of such delivery.[8]

---

4 11 *Del. C.* § 2542(a).
5 *McDowell*, 824 A.2d at 952 (citing *Beebe v. State*, 346 A.2d 169, 171 (Del. 1975)).
6 *See* D.I. 15.
7 *Id.*
8 11 *Del. C.* § 2542(g).

3

Accordingly, in light of the foregoing, Logan's Motion for Dismissal of the indicted charges is **DENIED.  IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Matthew Hicks, Deputy Attorney General
       David E. Logan, *pro se*