# UNITED STATES of America, Plaintiff–Appellee,

**v.**

# James A. BOHN, Defendant–Appellant.

## No. 91–30011.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 28, 1992 *.

Decided Feb. 6, 1992.

James A. Bohn, pro se.

Thomas O. Rice, Asst. U.S. Atty., Spokane, Wash., for plaintiff-appellee.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before WALLACE, C.J., and SNEED and ALARCON, Circuit Judges.

PER CURIAM:

James A. Bohn appeals pro se his conviction, following a guilty plea, to three counts of willful failure to pay income tax, in violation of 26 U.S.C. § 7203. Bohn challenges his conviction based upon a violation of the Speedy Trial Act, 18 U.S.C. § 3161(e), and denial of assistance of counsel at a critical stage of the proceeding. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bohn was initially charged with three counts of attempted income tax evasion in violation of 26 U.S.C. § 7201. A jury trial resulted in conviction on all three counts. Bohn appealed his conviction to this court and we reversed and remanded. *United States v. Bohn*, 890 F.2d 1079 (9th Cir. 1989). On remand, Bohn pled guilty to three counts of willful failure to pay income tax and was sentenced. Bohn appealed.

 By pleading guilty, Bohn waived his right to assert a violation of the Speedy Trial Act. *See United States v. Broncheau*, 597 F.2d 1260, 1262 n. 1 (9th Cir.), *cert. denied*, 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979). A defendant's guilty plea waives all nonjurisdictional defect claims. *See id.* The right to a speedy trial under the Speedy Trial Act is nonjurisdictional. *See United States v. Yunis*, 723 F.2d 795, 796 (11th Cir.1984); *Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir. 1989).

Next, Bohn contends that he was denied the right to assistance of counsel at an in camera hearing to determine the validity of his claim raised in connection with his income tax violations. Bohn's guilty plea waived any such alleged constitutional claim. *See United States v. Caperell*, 938 F.2d 975, 977 (9th Cir.1991) (a guilty plea generally waives all claims of a constitutional nature occurring before the plea).

In his reply brief, Bohn argues for the first time that he was also denied assistance of counsel at the change of plea hearing. Although we ordinarily decline to consider arguments raised for the first time in a reply brief, we may consider them if, as here, the appellee raised the issue in its brief. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990).

"Under Fed.R.Civ.P. 11(c)(2) a district court is not to accept a guilty plea until it is satisfied that the defendant understands that [he] has a right to counsel at every stage of the proceeding." *United States v. Fuller*, 941 F.2d 993, 995 (9th Cir.1991). We are satisfied that the district court discharged its duty in this regard. The record shows that Bohn waived his right to assistance of counsel by voluntarily choosing to represent himself at the change of plea hearing after the court warned him about the dangers and disadvantages of proceeding pro se. *See id.* Thus, this claim is also meritless.

AFFIRMED.