972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregorio DEGRACIA, Defendant-Appellant.
 No. 91-50510.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 10, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregorio DeGracia appeals his sentence under the United States Sentencing Guidelines, following a guilty plea, for distribution of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. DeGracia, relying on United States v. Williams, 746 F.Supp. 1076 (D.Utah 1990) (due process required neutral policy by which task force would determine which cases to refer for federal prosecution), contends that his due process rights were violated because he was prosecuted in federal rather than state court. We dismiss the appeal.
 
 
 3
 "[A] prosecutor's charging decision cannot be judicially reviewed absent a prima facie showing that it rested on an impermissible basis, such as gender or race." United States v. Sitton, Nos. 91-50154, 91-50156, 91-50166, slip op. 7861, 7868 (9th Cir. July 2, 1992); see also United States v. Nance, No. 91-30193, slip op. 5623, 5632-33 (9th Cir. May 18, 1992) (per curiam) (rejecting Williams ). DeGracia does not argue that discrimination based on suspect characteristics played a role in his referral to federal court. Moreover, DeGracia's guilty plea waived all alleged constitutional claims. See United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) ("a guilty plea generally waives all claims of a constitutional nature occurring before the plea").
 
 
 4
 Therefore, we lack jurisdiction to review DeGracia's claim that the decision to charge him in federal court violated his due process rights. See Sitton, Nos. 91-50144, 91-50156, 91-50166, slip op. at 7868; Nance, No. 91-30193, slip op. at 5633.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny DeGracia's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3