980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary A. STRUNK, Defendant-Appellant.
 No. 92-35279.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 3, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Alan Strunk, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 habeas motion challenging his guilty plea conviction for narcotics violations. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Strunk pled guilty to a five count indictment for possession with intent to distribute cocaine, use of a firearm during a drug trafficking crime, use of a telephone to facilitate cocaine distribution, and two counts of distribution of cocaine. Strunk was sentenced to a term of imprisonment of 101 months to be followed by three years of supervised release.
 
 
 4
 In his section 2255 motion, Strunk challenges the constitutionality of the warrantless search of his car. Strunk's guilty plea, however, waived all claims of a constitutional nature occurring before the plea. See United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (per curiam); Marrow v. United States, 772 F.2d 525, 527 (9th Cir.1985) (once a defendant pleads guilty, he cannot raise independent claims of deprivation of constitutional rights that occurred prior to the entry of the plea).
 
 
 5
 Strunk next contends that he received ineffective assistance of counsel because his attorney failed to advise him that he could enter a conditional guilty plea pursuant to Fed.R.Crim.P. 11(a)(2), to preserve the right to appeal the issue of the warrantless search of his car. "A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel." People of Territory of Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984). Accordingly, this contention also lacks merit.
 
 
 6
 Finally, to the extent that Strunk challenges the voluntariness of his guilty plea, his contention fails. To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242 (1969). The accused must be aware of the nature and elements of the charges against him, the constitutional rights he is waiving by pleading guilty, and the possible punishment he faces. Id. at 242-43. In assessing the voluntariness of the guilty plea, solemn declarations made by a defendant in open court contemporaneously with his plea carry a strong presumption of truth. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986).
 
 
 7
 At the plea hearing, the district court covered all the requirements for entry of a valid guilty plea as set forth in Boykin. Strunk indicated that he was pleading guilty of his own free will and that his decision was not coerced in any way. Strunk further stated that he had three years of college, and indicated that he was aware of the charges against him and of the rights he was giving up. Strunk's attorney stated that he had spent a considerable amount of time informing Strunk of the nature of the charges against him. Additionally, Strunk stated that he was satisfied with the representation provided by his counsel.
 
 
 8
 On this record, the district court did not err by determining that Strunk's plea was voluntary, and that he was provided with effective assistance of counsel. See Chizen, 809 F.2d at 562. Accordingly, the district court did not err by denying Strunk's section 2255 motion. See Angelone, 894 F.2d at 1130.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3