993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Brian BOECKMAN, Defendant-Appellant.
 No. 91-55974.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 7, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Brian Boeckman, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate or set aside his sentence.[1] Boeckman pled guilty to two counts of mail fraud. He contends that the district court erred by not considering his claim that evidence set forth in an affidavit in support of a search warrant was illegally obtained through the search of his trash.[2] He also contends the district court erred by denying his section 2255 motion without a hearing. We review de novo the district court's denial of a section 2255 motion. Shah v. United States, 878 F.2d 1156, 1157 (9th Cir.), cert. denied, 493 U.S. 869 (1989). We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 Search Warrant
 
 3
 Boeckman contends that the government obtained a search warrant on the basis of illegally obtained information. "As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations." Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.), cert. denied, 474 U.S. 981 (1985); see also United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (per curiam).
 
 
 4
 On September 25, 1987, Boeckman entered into a written plea agreement. Boeckman's guilty plea resulted in a waiver of all non-jurisdictional defects in the prosecution alleged to have occurred prior to the entry of the plea. See Bohn, 956 F.2d at 209. His claim of an invalid search warrant is waived because it involves an alleged violation which occurred prior to the entry of the plea. See id.
 
 Evidentiary Hearing
 
 5
 Boeckman also contends that the district erred by failing to hold an evidentiary hearing on the claims raised in his various section 2255 motions.
 
 
 6
 "A district court may not deny a 28 U.S.C. § 2255 motion without a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985) (quoting 28 U.S.C. § 2255). We may affirm the district court if Boeckman's allegations, viewed against the record, either fail to state a claim for relief or are "so palpably incredible or patently frivolous as to warrant summary dismissal." Id.
 
 
 7
 In several of his section 2255 motions, Boeckman appears to claim that there was insufficient evidence to indict him. A guilty plea conclusively proves all factual allegations contained in the indictment. See United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987). Boeckman's case was resolved by plea agreement. Under that agreement, Boeckman pled guilty to two counts of mail fraud, and the government agreed to dismiss the remaining 28 counts and not to prosecute Boeckman on certain other charges.
 
 
 8
 At his plea hearing, Boeckman was placed under oath and after being advised of his constitutional rights, waived them. He admitted taking part in the fraudulent scheme alleged in the indictment, and pled guilty to two counts of mail fraud. His claims concerning sufficiency of the evidence on his indictments on those counts are therefore barred. The remaining counts were dismissed pursuant to the plea agreement. Therefore, all claims concerning sufficiency of the evidence on those counts are moot. See United States v. Scott, 884 F.2d 1163, 1164 (9th Cir.1989) (per curiam) (generally when an indictment is dismissed and replaced with an information charging different offenses, any challenge to the legal sufficiency of the indictment becomes moot), cert. denied, 113 S.Ct. 288 (1992).
 
 
 9
 Boeckman also claims that he was denied the effective assistance of counsel. In order to succeed on an ineffective assistance of counsel claim a defendant must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). In order to do this, a defendant must identify the acts or omissions that allegedly resulted from a failure of reasonable professional judgment. Id. at 690. Second, a defendant must affirmatively prove prejudice. Id. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 10
 Here, Boeckman's motion alleging ineffective assistance of counsel consists of six pages of law. It contains no facts suggesting ineffective assistance of counsel in his case. The papers refer to errors by counsel committed in other cases; however, that does not mean that the same errors were committed in this case. Therefore, Boeckman has failed to substantiate his sixth amendment claim. See Strickland, 466 U.S. at 688-94.
 
 
 11
 The files and records of this case conclusively show that Boeckman is not entitled to relief. See Marrow, 772 F.2d at 526-27. Boeckman's allegations, viewed against the record, fail to state a claim and are patently frivolous. See id. Therefore, the district court did not err by denying the motion without a hearing. See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court consolidated several section 2255 motions under one number
 
 
 [2]
 Boeckman raises additional claims that his guilty plea was involuntary, that the amount of restitution he was ordered to pay was improper, and that he is innocent. Boeckman did not raise these issues in his section 2255 motion in the district court. Therefore, this court declines to address them. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990) (issues raised for the first time on appeal are considered waived)