43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald J. DUPARD, Defendant-Appellant.
 No. 94-35510.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
As Amended on Denial of Rehearing and Rejection of
Suggestion for Rehearing En Banc April 13, 1995.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald J. Dupard, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion challenging his pre-Sentencing Reform Act conviction and sentence following entry of a guilty plea to various narcotics offenses. Dupard contends that the government is in breach of his plea agreement and that he should be permitted to withdraw his guilty plea as a remedy for this breach. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 A. Background
 
 3
 As part of the negotiated plea agreement, the government promised not to provide the Probation Office, sentencing court, or the United States Parole Commission with information that Dupard had received more than $121,000 worth of cocaine from Claudette Thompson and Robert Feist.[1] In a previous section 2255 motion, Dupard contended that the government had violated the terms of his plea agreement when a probation officer submitted information to the Parole Commission that Dupard had received more than $121,000 worth of cocaine from Thompson and Feist.
 
 
 4
 The district court agreed that submission of this letter violated the plea agreement and granted Dupard's section 2255 motion, ordering that:
 
 
 5
 The Parole Commission shall, within ninety (90) days of this Order, hold an in-person parolability hearing at which no information based upon defendant's receipt of more than $121,000 worth of cocaine from Thompson and Feist is in the record before the Commission. The Parole Commission may also, however, consider any Government allegations as to defendant's other sources of cocaine, and all allegations as to other sources of cocaine, and all allegations as to defendant's distribution of cocaine. If defendant waives his right to this hearing or fails to attend the hearing, no further relief is ordered.[2]
 
 
 6
 The Parole Commission held a new hearing within the defined time period. It appears that the letter from the probation officer was still in the file at the time of this hearing.
 
 
 7
 Nonetheless, it is clear that the Parole Commission did not take into account any disputed amounts of cocaine received from Thompson and Feist. In its Notice of Action, the Parole Commission specifically stated:
 
 
 8
 The Commission accepts the DEA estimates that you distributed approximately 4-5 kilograms of cocaine per month from 1984-1986 as reliable and supported by your own statements to confidential informants concerning your cocaine distribution activities. This finding is made without reference to the disputed 10 kilograms amount purportedly received from Claudette Thompson.[3]
 
 
 9
 Following this hearing, Dupard filed a new section 2255 motion arguing that because the letter from the probation officer was still in the Parole Commission's file at the time of this new hearing, the government was again in violation of the plea agreement. Dupard seeks to withdraw his guilty plea for this alleged continuing violation of the plea agreement.
 
 B. Discussion
 
 10
 " 'When a plea rests in any significant degree on a promise or agreement of the prosecutor, ... such promise must be fulfilled.' " United States v. De La Fuente, 8 F.3d 1333, 1340 (9th Cir.1993). Dupard bargained for a promise that the Parole Commission would not be informed of any possible cocaine transactions between himself and Thompson and Feist involving in excess of $120,000 worth of cocaine. It is undisputed that the government breached this agreement.
 
 
 11
 We have previously upheld the district court's order requiring the Parole Commission to hold a new hearing as the proper remedy for the government's breach of the plea agreement. See United States v. Dupard, No. 93-35754, unpublished memorandum disposition (9th Cir. July 8, 1994) (Dupard I ). The only question before us is whether the hearing held by the Parole Commission complied sufficiently with the requirements of the district court's order to provide the proper remedy. We conclude that it did.
 
 
 12
 As we noted in Dupard I, "[t]he [district] court's remedy returned the parties to the status quo by barring the Parole Commission from considering information regarding Dupard's receipt of cocaine totalling more than $121,000 from Feist and Thompson." See id. Here, the Parole Commission's Notice of Action makes it clear that it complied with the directive that it not consider the prohibited information when making its parole eligibility determination.
 
 
 13
 Accordingly, Dupard received the remedy to which he was entitled and the district court did not err by denying his section 2255 motion seeking to withdraw his guilty plea.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The plea agreement provided in relevant part:
 
 
 [6]
 While the United States reserves the right to bring all of the defendant's criminal conduct to the attention of the Probation Office, the Court at the time of sentencing, and to the Parole Commission, the Government acknowledges that said information would include the defendant's receipt of no more than One Hundred Twenty-One Thousand Dollars ($121,000) worth of cocaine from Claudette Thompson and Robert Feist. The United States may, however, provide information regarding the defendant's receipt of additional quantities of cocaine from other individuals or organizations. In turn, the United States acknowledges that the defendant may dispute the above information or any other information contained in the presentence report or pursuant to Rule 32(c)(3)(D), Federal Rules of Criminal Procedure
 
 
 [2]
 Dupard appealed this order, arguing among other issues that withdrawal of his guilty plea rather than specific performance of the plea agreement was the appropriate remedy for the violation of the plea agreement. We rejected this argument in a previous unpublished disposition. See United States v. Dupard, No. 93-35754, unpublished memorandum disposition (9th Cir. July 8, 1994)
 
 
 [3]
 Dupard rgues in his reply brief that this Notice of Action was improperly admitted in the district court. we decline to address this issue because he raises it for the first time in his reply brief. Thompson v. Commissioner, 631 F.2d 642, 649 (9th Cir. 1980) (1981) (general rule is that appellant may not raise new issue in reply brief), cert. denied, 452 U.S. 961. Although the Court will address an argument raised by appellant for the first time in the reply brief if appellee raised the issue in the responding brief, United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992), the mere fact of reliance in a brief upon a piece of evidence that was found admissible by the district court does not suffice to show that the appellee "raised" the issue first