77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert R. STERLING, Petitioner-Appellant,
v.
M. PICKETT, Warden, Respondent-Appellee.
 No. 95-16553.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert R. Sterling, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Hegler v. Borg, 50 F.3d 1472, 1475 (9th Cir.), cert. denied, 116 S.Ct. 675 (1995), and affirm in part, vacate in part, and remand for an evidentiary hearing.
 
 
 3
 * Sufficiency of Evidence
 
 
 4
 Sterling contends that there was insufficient evidence to convict him of forcible oral copulation in violation of Cal.Penal Code § 288a(c). This contention lacks merit.
 
 
 5
 "Considering the evidence in the light most favorable to the prosecution, we review the record to determine if any rational trier of fact could find the elements beyond a reasonable doubt." Turner v. Marshall, 63 F.3d 807, 816 (9th Cir.1995). Conviction under Cal.Penal Code § 288a(c) requires the prosecution to prove (1) an act of oral copulation, (2) done against a person's will by means of force, violence, duress, menace, or fear of bodily injury. See Cal.Penal Code § 288a(c).
 
 
 6
 At trial, the victim testified that Sterling orally copulated her after grabbing her by the throat outside of her apartment, forcing her into her apartment, threatening to break her neck, and tying her to her bed, gagging and blindfolding her. Accordingly, the evidence submitted at trial was more than sufficient to convict Sterling of forcible oral copulation. See id.; Turner, 63 F.3d at 816.
 
 II
 Jury Instructions
 
 7
 Sterling also contends the trial court erred by refusing to instruct the jury on additional lesser included offenses of rape and assault.[1] The record belies this claim.
 
 
 8
 The trial court specifically informed Sterling that he had a right to request instruction on additional lesser included offenses and asked if he agreed with his attorney's tactical decision to decline additional instructions. Sterling responded that he had discussed it with his attorney and that he was in agreement. See United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991) ("When the defendant himself proposes the jury instruction he later attacks on appeal, review is denied under the 'invited error' doctrine."). Moreover, the trial court did instruct the jury on lesser included offenses of both rape and assault by means of force likely to produce great bodily injury. The jury nevertheless convicted Sterling of the greater offenses. Accordingly, inclusion of additional lesser included offenses would have had no effect on the jury's verdict.
 
 III
 Right to be Present
 
 9
 Sterling contends that his right to be present was violated when the trial court read back testimony, submitted written jury instructions, answered numerous inquiries and reinstructed the jury outside of Sterling's presence and without his consent. This contention may have merit.
 
 
 10
 A criminal defendant has the right to be present during a jury requested read back of testimony, Hegler, 50 F.3d at 1476-77, and "must personally waive his right to be present," Turner, 63 F.3d at 815. Violation of this right, however, is subject to harmless error analysis and a habeas petitioner "is entitled to relief only if the error had a substantial and injurious effect or influence in determining the jury's verdict." Hegler, 50 F.3d at 1477-78 (quoting Brecht v. Abrahamson, 507 U.S. 619, ----, 113 S.Ct. 1710, 1722 (1993)). This court has held that harmless error can be determined only after an evidentiary hearing. Turner, 63 F.3d at 815.[2]
 
 
 11
 Here, the record reveals that the court reporter read back testimony on at least four occasions. In addition, the judge apparently clarified juror requests, reinstructed the jury and submitted a written copy of the jury instructions and exhibits to the jury. It appears from the record that Sterling's counsel may have waived Sterling's right to be present on some, but not all, of these occasions. In any event, Sterling claims that he never personally waived his right to be present on any of these occasions. See id. Accordingly, we remand to the district court for an evidentiary hearing on Sterling's claim that his presence rights were violated.
 
 IV
 Ineffective Assistance of Counsel
 
 12
 Sterling contends that his trial counsel was ineffective for failing to object to violations of his right to be present or consult with him personally concerning any waiver of this right. Sterling also contends that his appellate counsel was ineffective for failing to raise this matter on appeal. As these issues cannot be determined until after the evidentiary hearing, we remand these issues as well. We reject Sterling's other contentions of ineffective assistance of counsel on their merits. See Hendricks v. Vasquez, 974 F.2d 1099, 1109 (9th Cir.1992) (holding that a defendant must show that counsel's actions were "outside the wide range of professionally competent assistance" and that defendant was thus prejudiced); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (applying same standard to appellate representation).
 
 
 13
 AFFIRMED, in part, VACATED and REMANDED, in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Sterling raises any issues concerning the instruction of the jury on count seven, attempted murder, we note that these claims are waived because Sterling later pled guilty to this offense. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (holding that a guilty plea waives claims of pre-plea constitutional violations)
 
 
 [2]
 The state superior court denied this claim on the grounds that defense counsel had failed to object to the court reporter reading back testimony on two occasions and stipulated to the judge entering the jury room to clarify a request. State court findings of fact are presumed correct. 28 U.S.C. § 2254(d). The record supports the state court's findings, however, these findings do not dispose of Sterling's contentions that he never personally consented to counsel's stipulation and that the trial court had additional contacts with the jury without his or his counsel's consent. See 28 U.S.C. § 2254(d)(1) (state court findings do not govern if the merits of the factual dispute were not resolved in the state court hearing); Turner, 63 F.3d at 814-15 (holding that counsel and defendant's earlier stipulation did not apply to second read back)