87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Edward GREEN, Petitioner-Appellant,
v.
Charles L. RYAN; Grant Woods, Arizona Attorney General,
Respondents-Appellees.
 No. 95-17285.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Douglas Edward Green appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging, inter alia, his conviction by guilty plea for second degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 * Facts
 
 
 4
 Petitioner was indicted in March 1986 and alleged to have committed one count of first degree murder. In October 1986, after a hearing, petitioner was ruled incompetent to stand trial and committed for mental health treatment. In June 1987, however, the trial court conducted a second hearing on petitioner's mental condition, and concluded that he was competent to stand trial.
 
 
 5
 The trial was conducted in October 1987, but the jury was having a difficult time reaching a verdict even after lengthy deliberations. While the jury was still deliberating, petitioner agreed to plead guilty to second degree murder, in exchange for the dismissal of the charge of first degree murder and the guarantee that he would not be sentenced to more than 15 years' imprisonment, the presumptive term for that offense.
 
 
 6
 On October 28, 1987, the trial court held a change of plea hearing, at which the court expressly discussed the various medications petitioner was taking. The court received assurances from petitioner that, despite the medications he was taking, his mind was clear, he fully understood the change of plea hearing itself, he had discussed the change of plea with his lawyer, and he understood the rights he was waiving upon entering the plea of guilty. The court concluded that petitioner was competent to proceed with the plea agreement and that his plea of guilty was voluntarily and intelligently made.
 
 
 7
 Petitioner was sentenced to 15 years' imprisonment, and on direct appeal to the Arizona Court of Appeals, raised only one issue, whether his sentence was excessive. The Arizona Court of Appeals affirmed the sentence of 15 years' imprisonment, and petitioner did not attempt to obtain review of the decision in the Arizona Supreme Court.
 
 
 8
 In October 1989, petitioner filed an Ariz.R.Crim.P. 32 petition, raising, among other claims, a challenge to the voluntariness of his plea of guilty. His petition was denied by the trial court, and no review of the denial was ever filed.
 
 
 9
 In March 1992, petitioner filed a second Rule 32 petition in the Superior Court, again raising, among other claims, a challenge to the voluntariness of his plea of guilty. Counsel was appointed, and in July 1992, an amended petition was filed, addressing the competency of petitioner to have entered a plea of guilty. In April 1993, the trial court summarily denied petitioner's second Rule 32 petition. No petition for review of the order was directly filed. It appears, however, that petitioner attempted pro se to obtain review of the order in both the Arizona Court of Appeals and the Arizona Supreme Court, albeit in a procedurally improper manner, and both courts denied petitioner the relief he sought.
 
 
 10
 In March 1994, petitioner filed this habeas petition in the district court, presenting four grounds in support of his petition: (1) the trial court erred by failing to suppress statements taken by police in violation of his Fifth Amendment rights; (2) the trial court erred by failing to hold a competency hearing prior to accepting his plea of guilty; (3) the totality of constitutional rights violations existing in his case warrants his release from unlawful custody; and (4) he was coerced into signing a plea agreement after trial by jury and the plea was "orchestrated/initiated by state counsel and trial counsel."
 
 
 11
 On November 1, 1995, the district court denied the petition because: (1) the record clearly indicated that petitioner was competent to plead guilty and that he knowingly and intelligently entered a plea of guilty; and (2) all other claims were foreclosed by his plea of guilty.
 
 II
 Standard of Review
 
 12
 We review de novo a district court's denial of a petition for a writ of habeas corpus. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 III
 Discussion
 
 13
 Petitioner contends that the district court erred by finding that he knowingly and intelligently entered a plea of guilty and that he was competent to plead guilty. This contention lacks merit.
 
 
 14
 To determine whether a defendant's guilty plea is a "voluntary and intelligent choice among the alternative courses of action," North Carolina v. Alford, 400 U.S. 25, 31 (1970), a trial court must follow the guidelines set out in Boykin v. Alabama, 395 U.S. 238, 242 (1969). "Under Boykin, the record of the plea proceeding must reflect that the defendant voluntarily waived his right to a jury trial, the right to confront his accusers, and his privilege against compulsory self-incrimination." Moran v. Godinez, 57 F.3d 690, 699 (9th Cir.1994).
 
 
 15
 Here, the record demonstrates that, in response to the trial court's inquiries, petitioner made the following statements: (1) there were no threats or promises made which had convinced petitioner to accept the plea agreement that were not included in the plea agreement; (2) he was satisfied with the representation he had received from counsel; (3) he had read and understood the plea agreement; (4) he understood that in entering a plea of guilty he was waiving his constitutional rights against self-incrimination, to a jury trial, to present evidence on his own behalf, to confront any witnesses brought against him, and to the presumption of innocence; and (5) he understood the charge to which he was pleading guilty.
 
 
 16
 Accordingly, the district court did not err by denying Green's involuntary plea claim.
 
 
 17
 To the extent that Green contends that he lacked the competence to have pleaded guilty, his contention lacks merit.
 
 
 18
 The record demonstrates that at the change of plea hearing, Green did not lack the " 'ability to consult with his lawyer with a reasonable degree of rational understanding' [or that he then lacked] 'a rational [or] factual understanding of the proceedings against him.' " Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960) (per curiam)).
 
 
 19
 Petitioner further contends that the district court erred in ruling that petitioner's additional claims were foreclosed by his plea of guilty. This contention lacks merit.
 
 
 20
 "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollette v. Henderson, 411 U.S. 258, 267 (1972). Aside from a challenge to the voluntary and intelligent character of the plea itself, the entry of a guilty plea generally forecloses all collateral attacks with the exception of jurisdictional claims. United States v. Boce, 488 U.S. 563, 574 (1988); United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (explaining that a guilty plea generally waives all claims of a constitutional nature occurring before the plea).
 
 
 21
 Accordingly, the district court here properly ruled that petitioner waived his right to raise his additional claims in light of his plea of guilty.[1][23]
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also reject Green's contention that the district court's order failed to comply with Fed.R.Civ.P. 52(a)
 
 
 [2]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 [3]
 Green's renewed motion for appointment of counsel, filed April 15, 1996, is denied