97 F.3d 1458
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles L. BOYLAN, Petitioner-Appellant,
v.
Sam SUBLETT; Grant Woods, Attorney General of the State of
Arizona, Respondents-Appellees.
 No. 96-15742.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles L. Boylan, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his guilty plea conviction for theft and burglary. Boylan contends that: (1) the trial court violated his constitutional rights by refusing to appoint an expert psychiatrist to examine his mental state; (2) his trial counsel was ineffective for failing to adequately investigate an insanity defense or properly advise Boylan regarding this defense; (3) trial counsel was ineffective for failing to present mitigating evidence at sentencing; and (4) the district court erred by denying his habeas petition without first holding an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and we affirm.
 
 
 3
 Boylan contends that the trial court's refusal to appoint an expert psychiatrist to examine his mental state, violated his constitutional right to present a defense. Boylan has waived this claim by pleading guilty. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (defendant who voluntarily and knowingly pleads guilty waives all nonjurisdictional defects in the criminal proceeding); see also United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (holding that pre-plea ineffective assistance of counsel claims are also waived).
 
 
 4
 To the extent that Boylan contends his plea was not knowing or voluntary because his attorney misadvised him regarding the viability of an insanity defense, his contention lacks merit.
 
 
 5
 Where a defendant enters a guilty plea upon the advice of counsel, the voluntariness of the plea depends on whether the defendant received effective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). The two-part test of Strickland v. Washington, 466 U.S. 668 (1984) applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill, 474 U.S. at 57. In order to prove ineffective assistance, the defendant must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland, 466 U.S. at 687-90. "[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. On a claim of ineffective assistance based on a failure to advise a defendant of a potential defense, "resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Hill, 474 U.S. at 59.
 
 
 6
 Even if we accept as true Boylan's allegations that trial counsel advised him that insanity was not an affirmative defense, he has failed to make a sufficient showing of prejudice to prevail on his ineffectiveness claim. In his affidavit submitted to the district court, Boylan declares that during his crimes he was under the influence of drugs and alcohol as well as emotional and financial distress cause by his father's death. These allegations, however, do not show a likelihood that an insanity defense would have succeeded at trial. See Ariz.Rev.Stat.Ann. §§ 13-502(A), 13-503 (1993); see also State v. Hudson, 730 P.2d 830, 835 (Ariz.1986) (en banc) (insanity defense not available to defendant whose voluntary use of intoxicating alcohol and/or drugs creates a temporary episode of mental incapacity). Accordingly, Boylan has failed to show that he received ineffective assistance of counsel with regards to his guilty plea. See Hill, 474 U.S. at 59; United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).
 
 
 7
 Boylan's contention that counsel was ineffective for failing to present sufficient mitigating evidence at sentencing, also lacks merit. The record shows that trial counsel presented mitigating evidence both in a sentencing memorandum and at the sentencing hearing. In addition, Boylan was permitted to submit letters to the sentencing judge describing the events leading to the crimes. Boylan's affidavit in support of his habeas petition merely repeats the same factual accounts contained in his letters to the sentencing court. Accordingly, Boylan has failed to identify any resulting prejudice from trial counsel's performance at sentencing. See Strickland, 466 U.S. at 697.
 
 
 8
 Finally, because Boylan failed to allege facts entitling him to relief, the district court did not abuse its discretion by denying his habeas petition without first holding an evidentiary hearing. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, because we affirm the denial of relief under the former version of 28 U.S.C. 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3