122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ricardo GARCIA, Petitioner-Appellant,
v.
Kay WALTER, Respondent-Appellee.
 No. 96-36016.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, D.C. No. CV-95-01418-JCC; John C. Coughenour, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ricardo Garcia, a Washington state prisoner, appeals the district: court's denial of his 28 U.S.C. § 2254 habeas corpus petition after his guilty plea for rape. Garcia contends that his guilty plea was involuntary, he received ineffective assistance of counsel, and he was denied assistance of counsel at a critical stage in his trial. We have jurisdiction pursuant to 28 U.S.C. 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 I. Guilty Plea
 
 3
 Garcia contends that an evidentiary hearing should be held to determine if his guilty plea was voluntary because he was coerced into making his plea. Garcia asserts that he pleaded guilty because of the prosecution's threat to present evidence that he used a deadly weapon during the commission of the rape and this threat amounted to coercion.
 
 
 4
 The court's decision to deny an evidentiary hearing is reviewed for abuse of discretion. See Bonin v. Calderon, 59 F.3d 815, 835 (9th Cir.1995). A determination of whether a guilty plea is voluntary is reviewed de novo. See United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993).
 
 
 5
 The district court must hold an evidentiary hearing if (1) the petitioner's allegations, if proved, would entitle him to relief, and (2) the state court trier of fact had not reliably found the relevant facts after a full and fair hearing. See Townsend v. Sain, 372 U.S. 293, 312-13 (1963); Turner v. Marshall, 63 F.3d 807, 815 (9th Cir.1995). An evidentiary hearing is appropriate if necessary to determine whether a guilty plea was voluntarily and intelligently made by a state defendant. See Wilkins v. Erickson, 505 F.2d 761, 765 (9th Cir.1974).
 
 
 6
 A guilty plea must be voluntary and intelligent to comport with the guarantees of due process. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). A court can determine whether a defendant's guilty plea was voluntary only by considering all of the relevant circumstances surrounding it. See Brady v. United States, 397 U.S. 742, 749 (1970). A guilty plea can be voluntary only if the defendant enters the plea fully aware of the direct consequences of his plea. See id at 748-49; Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988).
 
 
 7
 Here, the record demonstrates that Garcia signed a statement which indicates that he understood his rights and he gave up those rights by pleading guilty. Also, he indicated in his own words that there was a substantial likelihood of conviction if his case proceeded to trial and that he wanted to take advantage of the state's plea offer. Garcia does not dispute these statements or what the government offered in its plea agreement. Although Garcia calls the prosecution's tactics a "threat," it is a permissible strategy during plea negotiations. See Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978) (confronting defendant with risk of more severe punishment may have a discouraging effect on defendant's assertion of trial rights, but it is permissible, and encourages plea negotiations). Because Garcia presents no other evidence that his guilty plea was involuntary or unintelligent, the district court did not err in determining that his guilty plea was valid. See id. at 364 (rejecting notion that guilty plea is involuntary because it is end result of bargaining process). Because Garcia has failed to make any allegations, if proven, that would entitle him to relief an evidentiary hearing is not necessary to determine if his plea was voluntarily given. See Townsend, 372 U.S. at 312-13.
 
 II. Ineffective Assistance of Counsel
 
 8
 Garcia contends that his attorney's failure to contact his brothers as witnesses denied him effective assistance of counsel. A claim of ineffective assistance of counsel is a mixed question of law and fact which is reviewed de novo. See Thompson v. Calderori, 86 F.3d 1509, 1515 (9th Cir.1996).
 
 
 9
 The two-part test of Strickland v. Washington, 466 U.S. 668 (1984) applies to challenges to guilty pleas based on ineffective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 57-59
 
 
 10
 (1985). To challenge successfully a guilty plea on grounds of ineffective assistance of counsel, a defendant must show that (1) counsel's representation was deficient, and (2) there is a reasonable probability that, but for his attorney's erroneous advice, he would not have pleaded guilty. See id. at 57-60.
 
 
 11
 Here, the record indicates that Garcia's attorney did not contact Garcia's brothers as potential witnesses because their statements would not be helpful to Garcia's defense. His trial attorney made a reasonable, informed tactical decision not to contact Garcia's brothers. Because Garcia has failed to demonstrate that he would not have pleaded guilty if his attorney had contacted his brothers as potential witnesses, his ineffective assistance of counsel claim fails. See id. at 59-60.
 
 
 12
 Garcia also contends that he was denied assistance of counsel at a critical stage in his trial because his trial attorney did not attend a hearing for the DNA testing of Garcia's pubic hair.
 
 
 13
 A defendant who voluntarily and knowingly pleads guilty waives all nonjurisdictional defects in the criminal proceeding. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); see also United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (claim asserting right to assistance of counsel at a critical stage of proceeding was violated is waived by a guilty plea). Here, Garcia has waived his claim that his constitutional right to assistance of counsel was violated. See Bohn, 956 F.2d at 209.
 
 
 14
 We affirm the district court's denial of Garcia's petition for writ of habeas corpus, See Norris, 878 F.2d at 1180.
 
 
 15
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3