**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eric Thomas FRIEDLANDER,**
**Defendant–Appellant.**

**No. 05–15278.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 11, 2007.

Camille Damm, Esq., USLV—Office of the U.S. Attorney Lloyd George Federal, Las Vegas, NV, for Plaintiff–Appellee.

Eric Thomas Friedlander, Oakdale, LA, pro se.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Eric Thomas Friedlander appeals pro se from the district court's order denying his

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

28 U.S.C. § 2255 motion, challenging his conviction for two counts of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Friedlander contends that trial counsel was ineffective in her preparation and submission of two suppression motions submitted to the district court, which were denied. Because Friedlander pled guilty, his allegations of pre-plea constitutional defects are waived. *See Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (holding that defendant's pre-plea ineffective assistance of counsel issue was waived).

Friedlander also contends that counsel on direct appeal was ineffective because he failed to raise all the issues preserved in his plea agreement. However, Friedlander fails to demonstrate deficient performance, *see Jones v. Barnes*, 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (noting that appellate counsel is not required to raise every possible issue), or prejudice, *see Hill v. Lockhart*, 474 U.S. 52, 60, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (affirming the district court's denial of habeas based on ineffective assistance of counsel because the appellant failed to allege prejudice). *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Friedlander's motion for extension of time to file a reply to government's answering brief is granted. The Clerk shall file Friedlander's reply brief, received August 1, 2006.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.