**UNITED STATES of America,
Plaintiff–Appellee,**

v.

·**Isaac ALEXANDER, aka Howard
Wayne Owens, Defendant–
Appellant.**

**No. 07–10089.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2008.*

Filed July 9, 2008.

Bruce M. Ferg, Esq., Judson Thomas Mihok, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

William John Lovell, Esq., Tucson, AZ, for Defendant–Appellant.

Before: REINHARDT, LEAVY, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Isaac Alexander appeals from his guilty-plea conviction and 66–month sentence for making false statements in connection with the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and being a fugitive in possession of a firearm, in violation of 18 U.S.C.

§§ 922(g)(2) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Alexander contends that his rights under the Interstate Agreement on Detainers Act ("IAD") were violated because he was not brought to trial within 180–days of his request for final disposition and because the district court erred by granting a continuance. Because Alexander entered an unconditional guilty plea, he waived his right to appeal these issues. *Cf. United States v. Bohn,* 956 F.2d 208, 209 (9th Cir.1992) (holding that a defendant's unconditional guilty plea waives his right to a speedy trial under the Speedy Trial Act); *see also New York v. Hill,* 528 U.S. 110, 120 S.Ct. 659, 663–64, 145 L.Ed.2d 560 (2000) (holding that a defendant can waive his right to a speedy trial under the IAD). Accordingly, we decline to address Alexander's IAD claims.

Alexander also contends that, at sentencing, the district court procedurally erred by miscalculating his offense level, failing to consider his history and characteristics, and treating the Sentencing Guidelines as mandatory. We conclude that the district court did not procedurally err. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

As Alexander concedes in his reply brief, he is not entitled to an additional one-level reduction for acceptance of responsibility. *See United States v. Espinoza–Cano,* 456 F.3d 1126, 1134 (9th Cir.2006). Further, we conclude that the district court's 18 U.S.C. § 3553(a) analysis was legally sufficient. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468–69, 168 L.Ed.2d 203 (2007). We also conclude that the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court applied the Guidelines in an advisory fashion. *See Gall,* 128 S.Ct. at 597.

Finally, we reject Alexander's contention that the district court erred by enhancing his sentence based on facts that were not found beyond a reasonable doubt. The district court properly applied the preponderance of the evidence standard. *See United States v. Pike,* 473 F.3d 1053, 1057 (9th Cir.2007).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.