**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arif Ali DURRANI, Defendant–
Appellant.**

No. 07–50031.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 26, 2008.[*]

Filed Sept. 4, 2008.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., William A. Crowfoot, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Arif Ali Durrani, FCIV–Federal Correctional Institution (Victorville), Adelanto, CA, for Defendant–Appellant.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Arif Ali Durrani appeals pro se from the district court's order denying his motion to return property, pursuant to Fed. R.Crim.P. 41(g). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Durrani contends that the district court erred by denying his motion to return personal property that the government seized during a criminal proceeding.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We conclude that the district court did not err because the government submitted evidence that all of the seized items listed on its inventory were destroyed, and Durrani has not provided any evidence to the contrary or established that the government actually seized items not recorded on its inventory. *See United States v. Marshall,* 338 F.3d 990, 995 (9th Cir.2003).

Durrani also contends, for the first time on appeal, that the government violated his due process rights by destroying the seized property without providing notice. We decline to consider this contention because it was not raised in district court and addressing the contention would require development of a factual record. *See Community House, Inc. v. City of Boise,* 490 F.3d 1041, 1053–54 (9th Cir.2007). We decline to consider Durrani's request for compensation for the same reason. *See id.*

Next, Durrani requests that we order the government to produce certain documents that he believes will establish that the indictments filed in two cases were fraudulent. We reject this request as beyond the scope of a Rule 41(g) motion because there is no evidence in the record that the documents were seized from him. *See Marshall,* 338 F.3d at 994; *see also* Fed.R.Crim.P. 41(g).

We further conclude that the contentions raised for the first time in Durrani's reply brief are waived. *See United States v. Bohn,* 956 F.2d 208, 209 (9th Cir.1992).

Finally, we deny all pending motions.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.